UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT BROWN,

                          Petitioner,

v.

JAMES CONWAY, Superintendent of Attica Correctional Facility,

                          Respondent.

06 Civ. 5041 (RO)

**ORDER**

OWEN, District Judge:

    *Pro se* Petitioner filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking relief on three grounds: 1) Petitioner's motion for dismissal on the grounds that his right to a speedy trial had been violated was dismissed without an evidentiary hearing; 2) statements attributed to him were illegally obtained and improperly admitted as evidence in violation of the Fourth and Fifth Amendments; and 3) the evidence presented at trial was insufficient to support the Petitioner's kidnapping convictions, and that the convictions were required to merge with Petitioner's robbery charges.

    On June 23, 2009, Magistrate Judge George A. Yanthis issued a Report and Recommendation (the "Report"), in which he recommended that the petition for a writ of habeas corpus be dismissed. (Docket Entry No. 11.) Petitioner requested a forty-five day extension of time to file objections to the Report on June 30, 2009 (Docket Entry No. 24), which was granted by Judge Stephen C. Robinson on July 2, 2009. (Docket Entry No. 25.) On September 2, 2009, Petitioner filed a motion requesting an order staying these proceedings and holding the petition

1

in abeyance, claiming that he would be shortly filing a motion under New York Criminal Procedure Law Section 440.10 ("CPL 440.10") in New York state court to exhaust further claims. (Docket Entry No. 26.). Petitioner filed objections to the Report and Recommendation on September 3, 2009. (Docket Entry No. 27). On September 8, 2009, Respondent opposed, by letter, Petitioner's motion to stay. On August 26, 2010, this case was transferred to this Court. (Docket Entry No. 29.) On October 6, 2010, Petitioner filed a "Motion to Amend Notice of Objection to Report and Recommendation." (Docket Entry No. 30.)

As explained further below, the Court concurs with the Report and Recommendation of Judge Yanthis, and adopts it in its entirety. The Court also denies Petitioner's motion to stay. Accordingly, the petition for a writ of habeas corpus is hereby dismissed.

**BACKGROUND**

Petitioner was convicted by jury on September 29, 1999 on the following charges, stemming from an attempted robbery and restraint of two Bell Atlantic workers on July 6, 1998, in the City of Yonkers in Westchester County, New York: two counts of kidnapping in the second degree, four counts of attempted robbery in the first degree, two counts of attempted robbery in the second degree, four counts of criminal use of a firearm in the first degree, two counts of unlawful imprisonment in the first degree, criminal possession of a weapon in the second degree, and unlawfully wearing a body vest. Petitioner was sentenced on February 14, 2000.

Petitioner filed a timely appeal, represented by counsel, to the Appellate Division, Second Department, on the grounds that: 1) Petitioner should have been afforded a full hearing by the trial court on his speedy trial claim pursuant to CPL § 30.30; 2) statements made by

Petitioner were involuntary and unknowing and made in violation of Petitioner's *Miranda* rights, and should have been suppressed by the trial court; 3) the government failed to prove beyond a reasonable doubt that Petitioner committed by crime of kidnapping, and more specifically that the kidnapping charge should have merged with the attempted robbery crime, or that the jury should have been charged with an attempted kidnapping charge by the trial court; and 4) the sentence imposed was harsh and excessive. *People v. Brown*, 773 N.Y.S. 2d 585 (App. Div. 2004).

The conviction was affirmed by the Second Department, *Brown*, 773 N.Y.S.2d at 585, and the Court of Appeals of the State of New York denied Petitioner's request for further review. *People v. Brown*, 830 N.E.2d 325 (N.Y. 2005).

Petitioner then timely filed this Petition for a Writ of Habeas Corpus on June 30, 2006, and then filed a motion to stay these proceedings and hold the Petition in abeyance on September 2, 2009.

**STANDARD OF REVIEW**

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. District courts review those orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). In the event that a party files objections to the magistrate judge's recommendations, district courts conduct a *de novo* review of those matters to which a party filed an objection. *Id.* § 636(b)(1)(B), (C). *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1). A district court judge, in making a *de novo* determination, is afforded discretion in the weight placed on proposed findings and recommendations. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). In its sound discretion, a district court may afford a degree of deference to the Report and Recommendation. Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

This standard of review must be applied while remaining cognizant of the court's obligation to construe a pro se litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)(citations omitted).

## DISCUSSION

This Court has reviewed the June 23, 2009 Report and Recommendation filed by Magistrate Judge George Yanthis, and finds it well-reasoned, thorough, and adequately supported by law. This Court has also carefully reviewed Petitioner's objections to the Report, filed September 3, 2009, in light of the full record.[1]

### Report and Recommendation

Petitioner's Speedy Trial Claim

The Report recommends that Petitioner's claim that the trial court erred by not holding a hearing on Petitioner's allegation that his speedy trial rights were violated be dismissed. The Report finds that the 261 days, the delay of which Petitioner complains, is not sufficiently outrageous to trigger a violation, especially considering that during a significant portion of that time, Petitioner considered a plea bargain. The conclusory allegations in the Petition also fail to demonstrate that he was prejudiced by any delay to which he was subjected.

Petitioner's objections to this aspect of the Report's findings are vague and generally restate arguments previously made while failing to address the Report specifically. Accordingly, the Court concurs with the Report's findings that Petitioner's claims must be dismissed.

---

[1] Petitioner's "Motion to Amend Notice of Objection to Report and Recommendation" was filed on October 6, 2010, over fifteen months after Judge Yanthis issued the Report and Recommendation. 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), allow parties fourteen days to file objections. Accordingly, Petitioner's motion is untimely. Nonetheless, the Court has reviewed Petitioner's motion, and finds that the arguments therein generally repeat Petitioner's September 3, 2009 objections.

<u>Petitioner's Claims Regarding Statements Obtained and Admitted as Evidence Against Petitioner</u>

The Report finds that the trial court's failure to suppress statements made by Petitioner to police officers did not violate Petitioner's Fourth Amendment nor Fifth Amendments rights. As the Report explains, Fourth Amendment claims may be reviewed in habeas petitions only in the limited instances when "the state has provided no corrective procedures" to redress alleged violations of the Fourth Amendment or if such corrective mechanisms are not provided to Petitioner because of "an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). Petitioner has not argued that either of these had occurred, and his Fourth Amendment claim is accordingly barred from federal habeas review.

The Report finds that Petitioner's allegation that the waiver of his *Miranda* rights was coerced involuntary is not supported by the record. Petitioner was repeatedly advised of his *Miranda* rights. Petitioner has failed to provide evidence as to how the findings made by the court conducting the Huntley hearing, which found that Petitioner's claims on this matter were without merit, were erroneous.

Petitioner's objections to findings made by Judge Yanthis in the Report are also without merit. Petitioner's claim that he was in poor medical condition during questioning is not credible and is contrary to the record. Petitioner's assertions that he was threatened and coerced during the process are unsupported and vague. Petitioner fails to provide any reason why this Court should upset the Report's recommendation that the statements attributed to him were obtained and admitted into evidence legally and properly. Accordingly, the Court concurs with the Report's finding that Petitioner's Fourth and Fifth Amendment rights were not violated when these statements were obtained and admitted into evidence against Petitioner.

Petitioner's Claims Regarding Insufficiency of the Evidence and the Merger Doctrine

The Report finds that Petitioner's argument that the People failed to prove his guilt on the robbery and kidnapping charges beyond a reasonable doubt is meritless and fails to meet the heavy burden required to establish and support an insufficiency of the evidence claim. The Report states that any rational trier of facts could have found the essential elements of the charges beyond a reasonable doubt.

The Report finds that Petitioner's merger doctrine claims cannot be reviewed because such claims involve an issue that is solely a matter of state law and is ineligible for federal habeas review. The Report finds that, with regard to Petitioner's merger claim in the context of an alleged equal protection claim, Petitioner fails to submit any evidence showing how the state court's rejection of the claim is "contrary to, or an unreasonable application of Supreme Court precedent." *Holland v. Donnelly*, 216 F. Supp. 2d 227 (S.D.N.Y. 2002). Petitioner's claims that the merger doctrine was inappropriately applied in violation of his rights are not supported by the record.

Petitioner's objections to the Report are conclusory and vague, generally restating various arguments from the petition, and fail to address the Report with any specificity. Petitioner is unable to provide any reason, supported by law, why his petition for a writ of habeas corpus should be granted.

Accordingly, this Court concurs with Judge Yanthis' finding that Petitioner's insufficiency of the evidence claim and merger doctrine claim are without merit, and are dismissed.

**Motion to Stay**

In addition to filing objections to the Report and Recommendation, Petitioner filed a motion requesting an order staying the instant proceedings and holding the petition in abeyance. Petitioner claimed that he intended to file a motion under CPL 440.10 in New York state court to exhaust further claims. Respondent opposed Petitioner's motion, by letter, on September 8, 2009.

Petitioner asserts that he will raise the following claims in his CPL 440.10 motion: 1) that "the judgment was procured by misrepresentation and fraud" and violated Petitioner's statutory speedy trial and due process rights protected under federal and New York State Law; 2) "inconsistent conviction/multiple and disjunctive theories, violating petitioner's right to a fair trial, due process, and equal protection" under the U.S. Constitution; and 3) "ineffective counsel." (Pet. Motion for Stay at 2.) Petitioner states that he seeks that this Court stay the instant petition until his new claims are adjudicated in state court, at which time he will seek to amend his habeas petition with his fully exhausted claims. (Pet. Motion for Stay at 2-3).

To be granted a writ of habeas corpus from a federal district court, a petitioner must fully comply with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under the AEDPA, federal courts may only review claims that have been exhausted in state court. *See also Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003) (internal citations and quotation marks omitted). A claim is deemed exhausted when a petitioner has presented it to "the highest state court capable of reviewing it." *Id.* (internal citation omitted). In the interests of comity and expeditious federal review, states should have the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Generally, a state prisoner has one year from the date the conviction becomes final to file a habeas petition in federal court. 28 U.S.C. § 2244(d). This limitations period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).

Petitioner's judgment became final on July 25, 2005, upon expiration of the 90-day period for seeking a writ of certiorari. *See Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). Under 28 U.S.C. § 2244(d), Petitioner has one year from the date on which his conviction becomes final to file his habeas corpus petition, giving him until July 25, 2006. Petitioner timely filed his original habeas petition on June 30, 2006. Any new claims Petitioner attempts to assert after July 25, 2006 are therefore untimely.

Petitioner has failed to demonstrate good cause for his delay in raising these new claim, stating that the delay in filing the CPL 440.10 motion was "due to the misrepresentation and fraud on the part of the people in procuring the conviction," (Pet. Motion for Stay at 3). It would be improper for this Court to grant Petitioner's request for a stay and hold this petition in abeyance because the statute of limitations on his habeas claims has expired. Thus any claims Petitioner seeks to pursue are time-barred, and it would therefore be futile for this Court to stay these proceedings. Further, each new claim that Petitioner would ostensibly attempt to add to the Petition after each claim has been exhausted in state court must relate back to the Petition's original claims, and a stay must be justified for each claim.[2] Because the Court finds that a stay

---

[2] A Petitioner, in some limited situations, may amend a timely filed habeas petition even after the expiration of the statutory period, if it can be shown that the claims in the amended petition "relate back" to the claims in the original petition. See Federal Rule of Civil Procedure 15(c); *Mayle v. Felix*, 45 U.S. 644, 664 (2005). Claims in an amended habeas petition, in order to escape the statute of limitations, must be tied to a common core of operative facts as a claim in the original petition. *Mayle* at 664. A new claim cannot relate back to the original petition when it asserts a new ground for relief supported by "facts that differ in both time and type from those the original pleading set forth." *Id.* at 657. Accordingly, a new claim does not relate back simply because it arose out of the same proceeding as an original claim.

is not justified for any of the new claims that Petitioner seeks to add to the Petition, it need not determine whether any of these claims relate back to the claims asserted in the original Petition.

**CONCLUSION**

For the reasons explained above, this Court adopts the June 23, 2009, Report and Recommendation of Judge George Yanthis in its entirety, and hereby adopts it as the Order of this Court. Accordingly, the petition for a writ of habeas corpus is hereby DISMISSED. Further, Petitioner's motion for an order staying these proceedings is hereby DENIED.

SO ORDERED.

April 7, 2011

_____
RICHARD OWEN
UNITED STATES DISTRICT JUDGE

10